UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CYNTHIA A. ROBINSON,<br><br>    Plaintiff,<br><br> vs.<br><br>YAKIMA COUNTY SHERIFF'S OFFICE,<br><br>    Defendant. | NO.  CV-07-3027-CI<br><br>REPORT AND RECOMMENDATION TO DISMISS ACTION FOR FAILURE TO COMPLY WITH FILING FEE/*IN FORMA PAUPERIS* REQUIREMENTS |

By Order filed June 18, 2007, the court directed Ms. Robinson, a *pro se* prisoner at the Yakima County Jail, to provide a certified copy of her inmate trust fund account statement (or institutional equivalent) for the preceding six months as required by 28 U.S.C. § 1915(a)(2).  Plaintiff did not comply.  Rather, by letter dated June 21, 2007, Plaintiff stated she had been "kiting the [Sergeant]" for this account statement, and was waiting for a copy, claiming "they are giving me the run-around in here."

The court cautioned Ms. Robinson that failure to submit a certified copy of her trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the submission of her complaint, on or before **July 2, 2007**, would be construed as her consent to the dismissal of this action.  The court

REPORT AND RECOMMENDATION TO DISMISS ACTION FOR FAILURE TO COMPLY WITH FILING FEE/*IN FORMA PAUPERIS* REQUIREMENTS  - 1

takes judicial notice of the fact Ms. Robinson has filed seven cases in this District since May 2007. She is responsible to comply with the filing fee/*in forma pauperis* requirements for each action she files.

**DISMISSAL FOR FAILURE TO OBEY A COURT ORDER**

"Pursuant to Federal Rule of Civil Procedure 41 (b), the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), *cert. denied*, 506 U.S. 915 (1992). The district court should consider five factors when deciding whether to dismiss a case for failure to obey a court order:

> (1) The public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

*Ferdik*, 963 F.2d at 1260-61 (Citations omitted).

The first two factors weigh in favor of dismissal. The public's and the court's interests are both served by a timely resolution of civil rights litigation. The third factor also favors dismissal. Defendants will not be prejudiced if the claims are dismissed because the Defendants have not yet been served. Only the fourth factor arguably weighs against dismissal. However, despite the court's instructions, Plaintiff has not complied with procedural requirements. As for the fifth factor, the only less drastic alternative would be to allow Plaintiff yet more time to comply. Plaintiff, however, has already had two months in which to submit a certified copy of her six month statement of account, and failed to do so. Allowing a further

REPORT AND RECOMMENDATION TO DISMISS ACTION FOR FAILURE TO COMPLY WITH FILING FEE/*IN FORMA PAUPERIS* REQUIREMENTS  - 2

extension would frustrate the purpose of the first two factors; therefore, the fifth factor favors dismissal. On balance, the four factors that favor dismissal outweigh the one that does not. *Ferdik*, 963 F.2d at 1263 (*citing, Malone v. United States Postal Serv*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (four factors heavily supporting dismissal outweigh one against dismissal), *cert. denied*, 488 U.S. 819 (1988)). Accordingly, **IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE.**

## OBJECTIONS

Any party may object to a magistrate judge's proposed findings, recommendations or report within ten (10) days following service with a copy thereof. Such party shall file with the District Court Executive all written objections, specifically identifying the portions to which objection is being made, and the basis therefor. Attention is directed to Fed. R. Civ. P. 6(e), which adds another three (3) days from the date of mailing if service is by mail.

A district judge will make a *de novo* determination of those portions to which objection is made and may accept, reject, or modify the magistrate judge's determination. The district judge need not conduct a new hearing or hear arguments and may consider the magistrate judge's record and make an independent determination thereon. The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 73, and LMR 4, Local Rules for the Eastern District of Washington. A magistrate judge's recommendation cannot be appealed to a court of appeals; only the

REPORT AND RECOMMENDATION TO DISMISS ACTION FOR FAILURE TO COMPLY WITH FILING FEE/*IN FORMA PAUPERIS* REQUIREMENTS - 3

district judge's order or judgment can be appealed.

The District Court Executive is directed to enter this Report and Recommendation, forward a copy to Plaintiff, and SET A CASE MANAGEMENT DEADLINE ACCORDINGLY.

DATED July 6, 2007.

                 <u>S/ CYNTHIA IMBROGNO</u>
                 UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION TO DISMISS ACTION FOR FAILURE TO COMPLY WITH FILING FEE/*IN FORMA PAUPERIS* REQUIREMENTS  - 4