UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CYNTHIA A. ROBINSON,<br><br>                Plaintiff,<br><br>  vs.<br><br>YAKIMA COUNTY SHERIFF'S OFFICE,<br><br>                Defendant. | NO.  CV-07-3027-EFS<br><br>ORDER DISMISSING ACTION WITH PREJUDICE<br><br>**1915(g)** |

    Before the Court is Plaintiff's First Amended Complaint, filed January 24, 2008. (Ct. Rec. 25.)  Plaintiff initiated this action while a prisoner at the Yakima County Jail.  She is proceeding *pro se* and *in forma pauperis*; Defendant Yakima County Sheriff's Office has not been served.  After reviewing the First Amended Complaint, the Court is fully informed and finds it fails to cure the deficiencies contained in the initial complaint.

    Plaintiff's entire amended complaint reads as follows: "The only facts I would like to say is sexual assault and negligence on the Sheriffs part for not doing a preliminary investigation on this matter plus I was in fact put under Administrative Segregation behind all this."  Plaintiff was advised a municipality or governmental entity cannot be found liable under section 1983 on a *respondeat superior*

ORDER DISMISSING ACTION WITH PREJUDICE -- 1

theory; such liability can be imposed only for injuries inflicted pursuant to an official governmental policy or custom. *Gobel v. Maricopa County*, 867 F.2d 1201, 1206 (9th Cir. 1989), (*citing Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 690-94 (1978)). Plaintiff presents no facts from which the Court could infer an official policy or custom resulted in a violation of her constitutionally protected rights. *See Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007).

Again, Plaintiff fails to allege that identified Defendants, acting under color of state law, were deliberately indifferent to her vulnerability by not affording Plaintiff adequate protection against violent acts by other inmates. *Wilson v. Seiter*, 501 U.S. 294 (1991); *Redman v. County of San Diego*, 942 F.2d 1435, 1443 (9th Cir. 1991) *(en banc)*, *cert. denied*, 502 U.S. 1074 (1992). Plaintiff appears to claim there was negligence in failing to perform a preliminary investigation of a sexual assault. She does not claim the failure to perform an investigation caused the assault. In any event, negligence is not actionable under section 1983. *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

Although granted the opportunity to do so, Plaintiff has alleged no set of facts from which the Court could infer a policy or custom of the Yakima County Sheriff's Office caused a violation of Plaintiff's constitutionally protected rights.

Accordingly, **IT IS ORDERED**: this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

ORDER DISMISSING ACTION WITH PREJUDICE -- 2

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). **Plaintiff is advised to read the new statutory provisions under 28 U.S.C. § 1915. This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims**.

**IT IS SO ORDERED.** The District Court Executive is directed to:

1. enter this Order;
2. forward a copy to Plaintiff at her last known address;
3. enter judgment;
4. close the file; and
5. forward a copy of this Order to the Office of the Attorney General of Washington, Criminal Justice Division.

**DATED** this    25th    day of April 2008.

                                                 S/ Edward F. Shea
                                                 EDWARD F. SHEA
                                       UNITED STATES DISTRICT JUDGE

ORDER DISMISSING ACTION WITH PREJUDICE -- 3